UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JULIO ISLEY SMITH, et al.,

                                    Plaintiffs,                    9:25-CV-0765
                                                                   (BKS/MJK)
                        v.

JOHN DOE #1, et al.,

                                    Defendants.

APPEARANCES:

JULIO ISLEY SMITH
Plaintiff, pro se
99-A-6505
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

BOBBY R.HUNT
Plaintiff, pro se
10-B-3300
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

PEDRO JIMINEZ
Plaintiff, pro se
19-A-3130
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

BENITO ABREU
Plaintiff, pro se
19-A-2737
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

BLAIR BRETTON
Plaintiff, pro se
19-A-2952
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

BRENDA K. SANNES
Chief United States District Judge

**DECISION AND ORDER**

**I.     INTRODUCTION**

On June 16, 2026, pro se plaintiffs Julio Isley Smith ("Smith"), Bobby R. Hunt ("Hunt"), Pedro Jiminez ("Jiminez"), Benito Abreu ("Abreu"), and Blair Bretton ("Bretton") commenced this action by filing a complaint.  Dkt. No. 1 ("Compl.").  Smith also filed a motion to appoint counsel (Dkt. No. 2) and a motion for preliminary injunctive relief (Dkt. No. 3).

In a Decision and Order filed on July 29, 2025 (the "July 2025 Order"), this Court advised that, for any plaintiff to proceed with this case, he must, within thirty (30) days from the filing date of this Decision and Order, either (a) pay the Court's filing fee of four hundred and five dollars ($405.00) in full, or (b) submit a properly completed and signed in forma pauperis ("IFP") application. Because plaintiffs are incarcerated, any IFP application must be certified or accompanied by appropriate account statements, and submitted with a signed inmate authorization form reflecting his consent to pay the $350.00 filing fee over time, in installments.  Dkt. No. 4 at 4.  The Court cautioned that if any plaintiff failed to comply with the terms of the July 2025 Order, within the time period specified, that plaintiff would be dismissed from this action without prejudice without further Order of this Court.  *Id.*

Compliance or non-compliance, with the July 2025 Order by each plaintiff is discussed below.

## II.    FILING FEE REQUIREMENTS

### A.  Hunt, Jiminez, Abreu, and Bretton

Hunt, Jiminez, Abreu, and Bretton have wholly failed to comply with the July 2025 Order.  Consequently, Hunt, Jiminez, Abreu, and Bretton are dismissed as plaintiffs herein, and the Clerk shall edit the docket to reflect their dismissal.

### B.  Smith

Smith submitted an IFP Application (Dkt. No. 5) and an inmate authorization form (Dkt. No. 7).  "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).  "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review of Smith's IFP Application, the Court finds that he has demonstrated sufficient economic need.  *See* 28 U.S.C. § 1915(a)(2).  Smith also filed the inmate authorization form required in this District.  Dkt. No. 6.  Accordingly, the Court grants Smith's IFP Application.  Having found that Smith meets the financial criteria for commencing this action IFP, and because Smith seeks relief from an officer or employee of a governmental

entity, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.

## III.    SUFFICIENCY OF THE COMPLAINT

### A.  Governing Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, No. 95 Civ. 4768, 1998

4

WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. 2009).

The Court will construe the allegations in the complaint with the utmost leniency. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

### B. Summary of the Complaint[1]

---

[1] The complaint includes exhibits. *See* Dkt. No.1-2. To the extent that the exhibits are relevant to the incidents described in the complaint, the Court will consider the documents. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

The complaint asserts allegations of wrongdoing at Eastern New York Correctional Facility ("Eastern NY C.F.").  The following facts are set forth as alleged by plaintiff in his complaint.

On February 12, 2025, plaintiff was transported to Ellenville Regional Hospital for a CAT scan for nasal issues and an ultrasound for pelvis pain.  Compl. at 4.  Plaintiff was advised that he had an appointment for his nasal issues and required surgery.  Id.; Dkt. No. 3 at 2.

From February 17, 2025 until March 10, 2025, defendants John Doe Eastern NY C.F. employee ("Doe Employee") and Correction Officer John Doe ("CO Doe") "executed" an illegal strike.  Compl. at 1-3.

Due to the strike, plaintiff was not provided with previously scheduled physical therapy services for injuries that cause him "severe pain" and his nasal appointment and surgery were not scheduled.  Compl. at 4; Dkt. No. 3 at 2.  Plaintiff, who claims he is serving 38 years for "crimes [he] did not commit," was unable to access the law library or pick up necessary stationary supplies.  *Id*. at 5; Dkt. No. 3 at 2.  For five weeks, plaintiff was unable to join and congregate with Muslims during Ramadhan.  *Id.*  For twenty-five to thirty days, plaintiff was not permitted to bathe, barbershop services were suspended, there was no hot water in rooms and no "clean up."  Compl. at 4; Dkt. No. 3 at 1.  For more than thirty days, plaintiff was denied recreation.  *Id.*

Construed liberally[2], the complaint contains the following:  (1) First Amendment free exercise claims; (2) Eighth Amendment conditions-of-confinement claims; and (3) Eighth Amendment deliberate medical indifference claims.  *See generally* Compl.   Plaintiff seeks monetary damages  *See id.* at 6.  For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the complaint.

## C.  Analysis

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortg. Corp*., 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted).  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983."  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). As the Supreme Court has noted, a defendant may only be held

---

[2]  The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. S*ee, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich,* 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

accountable for his actions under Section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic.").

In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). This is true even for supervisory officials. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability."). "[A] plaintiff must plead and prove 'that each Government-official defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.' " *Id.* (quoting *Iqbal*, 556 U.S. at 676).

### 1. Claims Against City of New York

The Court notes that plaintiff identifies no connection between the City of New York and the facts alleged in the complaint, thus, the claims against the City of New York are subject to dismissal. It is well-settled that municipal liability may not be founded solely on a municipality's employment of a tortfeasor; in other words, the municipality may not liable pursuant to Section 1983 under the theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, for the City of New York to be held liable under Section 1983, plaintiff must allege that the unconstitutional actions were taken pursuant to an official municipal policy, custom or practice. *Monell*, 436 U.S. at 690-91; *Vann v. City of New York*, 72 F.3d 1040 (2d Cir. 1995).

Construing plaintiff's pro se pleading liberally, the complaint cannot plausibly be read

to allege a policy, custom or practice that would support municipal liability on the part of the City of New York.  The complaint is devoid of any specific facts suggesting that a municipal custom or policy led to a violation of plaintiff's rights.  *See Velasquez v. City of N.Y.*, No. 12-CV-4689, 2012 WL 5879484, at *4 (E.D.N.Y. Nov. 21, 2012) (holding that the plaintiff did not "allege any facts from which this Court can construe any allegation of a failure of the City of New York policymakers to properly train or supervise their subordinates amounting to 'deliberate indifference' to the rights of those who come in contact with their employees").

Accordingly, plaintiff's claims against the City of New York are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2.  Constitutional Claims

#### a.  Applicable Law

The First Amendment to the United States Constitution guarantees the right to free exercise of religion.  *See* U.S. Const. amend. I; *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005).  As is true with regard to the First Amendment generally, the free exercise clause applies to prison inmates, subject to appropriate limiting factors.  *See Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003) (holding that "[p]risoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause" (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)).

"In the prison context, however, 'the right to free exercise of religion' is balanced against 'the interests of prison officials charged with complex duties arising from

9

administration of the penal system.'" *Kravitz v. Purcell*, 87 F.4th 111, 128 (2d Cir. 2023) (quoting *Benjamin v. Coughlin*, 905 F.2d 571, 574 (2d Cir. 1990)).  Thus, "an infringement of the free exercise of religion [may be] permissible . . . if it is 'reasonably related to legitimate penological interests.'" *Id*. (quoting *Benjamin*, 905 F.2d at 574).  "[T]o assess a free exercise claim, a court must determine (1) whether the practice asserted is religious in the person's scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (3) whether the challenged practice of the prison officials furthers legitimate penological objectives." *Id.* (alterations adopted) (quoting *Farid v. Smith*, 850 F.2d 917, 926 (2d Cir. 1988)).

While the United States Constitution " 'does not mandate comfortable prisons,' . . . neither does it permit inhumane" treatment of those in confinement.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).  "To demonstrate that the conditions of confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an objective test and a subjective test." *Jolly v. Coughlin*, 76 F.3d 468,480 (2d Cir. 1996) (citation omitted).

To satisfy the objective element, "the plaintiff must demonstrate that the conditions of his confinement result 'in unquestioned and serious deprivations of basic human needs.' " *Jolly*, 76 F.3d at 480 (citation omitted).  "[T]he inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citation omitted).  Conditions that are restrictive and harsh are an element of the penalty that criminal offenders pay to society for their offenses.  *See Rhodes*, 452 U.S. at 347.

10

With respect to the subjective element, plaintiff must "demonstrate that the defendants imposed those conditions with 'deliberate indifference.' " *Jolly*, 76 F.3d at 480 (citation omitted). To constitute deliberate indifference, "[t]he prison official must know of, and disregard, an excessive risk to inmate health or safety." *Walker*, 717 F.3d at 125.

### b.  Analysis

Even assuming plaintiff plead a viable free exercise claims and alleged facts that satisfied the objective prong of an Eighth Amendment analysis, the complaint lacks facts indicating that defendants were personally involved or responsible for decisions related to plaintiff's religious practices or plaintiff's conditions of confinement.

With respect to plaintiff's claims against defendants John Doe Commissioner and John Doe Superintendent, "[l]iability based solely [. . .] due to a failure to supervise, without more, constitutes precisely the type of vicarious, respondeat superior liability that *Iqbal* and *Tangreti* eliminate." *Myers on behalf of Est. of Myers v. Davenport*, No. 1:21-CV-0922 (LEK/CFH), 2022 WL 3017367, at *4 (N.D.N.Y. July 29, 2022) (citation omitted). In this case, the complaint is devoid of any allegations which plausibly suggest that the Commissioner and Superintendent directly participated in any alleged constitutional violation or that they were present or otherwise involved in any constitutional violation. In the absence of some tangible connection between the Commissioner and Superintendent and any constitutional violations, the claims against the Commissioner and Superintendent must be dismissed. *See O'Brien v. City of Syracuse*, No. 5:22-CV-948 (MAD/TWD), 2023 WL 6066036, at *19 (N.D.N.Y. Sept. 18, 2023) (citing, *inter alia, Robinson v. Graham,* No. 20-CV-1610, 2021 WL 2358415, *3 (N.D.N.Y. June 9, 2021) (dismissing claim against supervisor for failure to train and manage

staff as "reminiscent of a 'supervisor liability' theory of liability for Section 1983 claims that is no longer available" after *Tangreti*), *reconsideration denied,* 2024 WL 4252052 (N.D.N.Y. Sept. 20, 2024).

Similarly, with respect to plaintiff's claims against Doe Employee and CO Doe, the complaint lacks any facts suggesting that defendants were personally involved in decisions related to plaintiff's religious practice and conditions of confinement.  Indeed, plaintiff does not allege that defendants were present, or aware, of any alleged constitutional violations. Moreover, plaintiff's sweeping and general allegations fail to sufficiently identify the specific involvement these defendants.  Plaintiff claims "defendants [. . .] conspired to plan and execute an illegal strike" *see* Compl. at 3, without specifying which particular individual did what.  "[P]laintiff cannot rely on a group pleading against all defendants without making specific individual factual allegations." *5465 Route 212, LLC v. New York State Dep't of Transportation*, No. 1:19-CV-01510 (BKS/DJS), 2020 WL 6888052, at *9 (N.D.N.Y. Nov. 24, 2020); *see also Lawson v. Ruskin*, No. 08-CV-321, 2008 WL 1902218, at *2 (E.D.N.Y. Apr. 25, 2008) (explaining that "lumping all Defendants [. . .] together without specifying what actions were taken, and by whom, to violate his rights" was insufficient to meet pleading requirements) (citation omitted).

As discussed *supra*, to state a cognizable Section 1983 claim, a complaint must allege the personal involvement of each of the defendants.  Additionally, Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include sufficient allegations to provide "each defendant fair notice of what the plaintiff's claim is and ground upon which it rests." *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) (internal quotation marks omitted); s*ee*

*Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).  As presently plead, plaintiff's allegations are simply too vague to provide any sort of notice of a claim against any particular defendant. *See Atuahene*, 10 Fed. App'x at 34 ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff]'s complaint failed to satisfy th[e] minimum standard [set forth in Rule 8].").

For the foregoing reasons, plaintiff's claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim.

## IV.    DISMISSAL WITH LEAVE TO AMEND

Plaintiff's complaint fails to state one or more claims upon which relief may be granted by this Court.  However, in light of his pro se status, plaintiff will be afforded the opportunity to file an amended complaint.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

Plaintiff is advised that any amended complaint will completely replace the prior complaint in the action, and that no portion of any prior complaint shall be incorporated into the amended complaint by reference.  Any amended complaint must contain a caption that clearly identifies, by name, each individual that plaintiff is suing in the present lawsuit and must bear the case number assigned to this action.  The body of plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  Thus, plaintiff should include separate paragraphs in his amended complaint for each alleged constitutional violation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where

appropriate, the location where the alleged misconduct occurred; and (v) the nexus between such misconduct and plaintiff's civil and/or constitutional rights.

Plaintiff is forewarned that, if he fails to submit an amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.

## V.    MOTION FOR COUNSEL

Plaintiff moves for assignment of counsel.  *See* Dkt. No. 2.

Plaintiffs bringing civil actions have no constitutional right to the appointment of counsel.  S*ee, e.g., United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981).  However, pursuant to 28 U.S.C. § 1915(e), the court may request an attorney to represent an indigent party.  28 U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any person unable to afford counsel.").  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

14

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, No. 93-CV-1449 (TJM) 899 F.Supp. 972, 974 (N.D.N.Y. Oct. 16, 1995) (citing *Hodge*, 802 F.2d at 621).  The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

Since plaintiff has failed to establish that his claim is likely to be of substance, the Court denies his motion for appointment of counsel without prejudice.  After the Court has accepted an amended complaint for filing, defendants have responded to the allegations in plaintiff's amended complaint, and the parties have undertaken discovery, plaintiff may choose to file a new motion for appointment of counsel, at which time the Court may be better able to determine whether such appointment is warranted in this case.  Plaintiff is advised that any future motion for appointment of counsel must be accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector.  *See Terminate Control Corp.*, 28 F.3d at 1341; *Cooper,* 877 F.2d at 172, 174.  Thus, plaintiff's motion for the appointment of counsel is denied without prejudice.

## VI.    MOTION FOR PRELIMINARY INJUNCTION

Plaintiff moves for an order restraining defendants from causing "further duress" and from depriving plaintiff of recreation, showers, and religious services.  Dkt. No. 3.

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.,* 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997)). "[T]his circuit has required a party seeking a preliminary injunction to show: (a) irreparable harm and (b) either (1) a substantial likelihood of success on the merits of the claim, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd*., 598 F.3d 30, 35, 38 (2d Cir. 2010) (internal quotation marks omitted). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *N.Y. Civil Liberties Union v. N.Y. City Transit Auth.,* 684 F.3d 286, 294 (2d Cir. 2011). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts*., 598 F.3d at 35 n.4 (internal quotation marks omitted). "The district court has wide discretion in determining whether to grant a preliminary injunction." *Moore,* 409 F.3d at 511.

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Levesque v. Clinton County,* No. 10-CV-787 (DNH/DEP), 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (citing i*nter alia Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (holding that a preliminary injunction may not be

issued to prevent an injury or harm which was not caused by the wrong claimed in the underlying action); s*ee also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application were unrelated to claims asserted in the complaint and, thus, plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" him).

Here, as plaintiff seeks a mandatory injunction, he must meet the higher standard and establish a clear or substantial likelihood of success of show that extreme or very serious damage would result in the absence of the requested relief.  *See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995).

Construing plaintiff's motion in the light most favorable to him as a pro se litigant, the Court finds that he has failed to substantiate any allegations of irreparable harm with evidence in admissible form.  At this juncture, plaintiff has failed to assert any viable cause of action and all allegations in the complaint have been dismissed.  Moreover, in his motion for injunctive relief, plaintiff fails to provide any specific facts establishing the likelihood of success on the merits or extreme or serious damage.

For the foregoing reasons, plaintiff's motion for preliminary injunctive relief is denied.

VI.     **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that Hunt, Jiminez, Abreu, and Bretton are terminated as plaintiffs herein for their failure to comply with the July 2025 Order.  The Clerk shall amend the docket accordingly; and it is further

**ORDERED** that Smith's IFP Application (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that the Clerk provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of his Inmate Authorization Form, and notify the official that this action has been filed and that plaintiff is required to pay the Northern District of New York the statutory filing fee of $350.00 in installments, over time, pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk of the Court provide a copy of plaintiff's Inmate Authorization Form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action, he must file an amended complaint as set forth above within thirty (30) days from the date of the filing of this Decision and Order; and it is further

**ORDERED** that, if plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that the action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order.  In that event, the Clerk is directed to close this case; and it is further

18

**ORDERED** that plaintiff's motion for counsel (Dkt. No. 2) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED** that the Clerk provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff, together with a copy of the complaint.

Dated: <u>November 5, 2025</u>

Brenda K. Sannes
Chief U.S. District Judge